Reese, J.
delivered the opinion of the court.
The only question before us is, to whom properly belongs a certain fund in the hands of the receiver,.the proceeds of the' rent accruing pendente lite, upon a tract of land, the subject of controversy in the suit, which had been conveyed by the complainant to the defendant, and which was decreed to be sold, to pay to the complainant the consideration or price to be given for the same. And this question of rent is not a general one, as whether a vendee in possession shall be held, upon a sale to raise the consideration, to account for rents received by him. If it were, there would be little difficulty in the case. For we take it, that a mortgagor remaining in possession cannot be called on to refund to the mortgagee, upon the sale of the premises, the rents previously received by him; and still less, perhaps, could a vendor, asserting his lien upon the premises for the consideration of land sold by him, insist that the vendee in possession should account to him for the amount of rents he might have received.
At the time of the bill filed in this case, the vendee had no possession of the land, nor by the terms of the contract, a right to the possession, the period not having yet arrived at which he was to enter into the possession. One object of the bill was, to prevent the defendant from obtaining the possession, and this upon the ground, that he had failed to give certain mortgages and guaranties stipulated to be given in order to secure the consideration. A receiver was appointed, on motion of the complainant, and no motion on the other side was made to discharge him. During the time the possession was so in the Court of Chancery, the rent accrued, and the fund was created. Under these circumstances, the land having been sold by the Clerk and Master in pursuance of the Chancellor’s decree, and the complainant’s demand not having been satisfied thereby, the simple question is, whether the fund created by the order and action of the court, and in its custody, shall upon equitable principles, be handed over to the complainant or to the defendant?
And we are constrained to say, that we can perceive no pro *389 per ground upon which we can refuse to hand it over to the former.